29 C.C.P.A. (Patents)

## In re BUSER.

### Patent Appeal No. 4634.

Court of Customs and Patent Appeals.
June 29, 1942.

E. F. Wenderoth, of Washington, D. C. (C. M. Elder, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting all of the claims of appellant's application for a patent upon the ground of lack of patentability over the cited prior art.

The involved claims are seven in number, being numbered 21 to 27, inclusive. Claim 21 is illustrative of the subject matter involved and reads as follows: "21. An electric lamp for the production of an intimate and homogeneous blending of mixed light, comprising a transparent or translucent envelope, a connecting cap thereon, two separately operated and independent lighting bodies mounted within said envelope, one said body comprising a centrally disposed vapor lighting tube, the other body comprising a glow filament surrounding the discharge path of said lighting tube, said glow filament being electrically in parallel connection with said vapor tube, and capable of operating at substantially the full operating voltage of the supply source to which the lamp is connected, a common terminal for one end of each said lighting body, and separate terminal connecting means for the free ends of said lighting bodies."

The references cited are: Sperti, 2,065,-988, December 29, 1936; Mackay (British), 12,994 of 1915; Weidhaas, 2,103,048, December 21, 1937.

Appellant's alleged invention is sufficiently described in the above-quoted claim.

Inasmuch as appellant concedes that all of the elements of the claims are old, and alleges that invention exists in his combination of such elements, it is not necessary to set forth in detail the disclosure of the references.

The examiner in his statement upon appeal described in a general way the prior art, as shown by the references, as follows:

"The application relates to electric lamps of the type where a mercury-vapor discharge tube and an incandescent filament are mounted in a common outer bulb. Lamps of this general construction are well known in the art. The vapor tube is employed to yield a large volume of light at high efficiency. The blue-green light of the vapor tube is unpleasant for general use, particularly where it is desirable that colored objects should appear natural. By adding to this source some light which is strong in red and yellow rays, a better approximation to daylight is obtained. The incandescent filament is used as the source of this red and yellow component.

"The most common electrical arrangement in these lamps is simply to connect the vapor tube and the incandescent filament in series across the power line. This scheme is shown in the Sperti and the Weidhaas references. The reason for this type of circuit is as follows:

"Vapor discharge lamps have a current-voltage characteristic such that, if the lamp is connected directly across a constant voltage source of power (such as the usual power line) the current through the lamp will increase without limit until the lamp is destroyed. The lamp is, in other words, a current-operated device. It is the practice therefore to connect a current-limiting resistance or an inductance in series with the lamp, to act as 'ballast'. The inductance or choke coil is considered the better device but the resistance is cheaper. Such ballast devices are found for example in Cooper-Hewitt lamp assemblies and in the newer fluorescent lighting fixtures.

"In the usual types of 'combined' vapor discharge and incandescent lamps, therefore, the series filament serves a double purpose— it acts as a resistance ballast for the vapor tube and at the same time furnishes red-yellow radiation to complement the light from the mercury vapor tube."

The examiner pointed out the principal difference between the combination claimed by appellant and the disclosures of the prior art as follows:

*　　*　　*　　*　　*

"Applicant has urged that the present system is different from the references and that it produces superior results. The truth of this contention is acknowledged. In the references the incandescent filament serves as both a supplementary light source and as

712

a series ballast for the vapor tube. In applicant's system the filament is made to serve only one of these functions, and a separate ballast element, external to the lamp, is employed for the vapor tube. It is thought entirely obvious and predictable that the latter arrangement would be more efficient as well as more expensive. The applicant has simply placed two separate and independently operable lamps in a single bulb. Such a step is not considered inventive."

With reference to the above-quoted statement of the examiner that appellant "has simply placed two separate and independently operable lamps in a single bulb," it is clear from a reading of claim 21 that appellant has done more than is stated by the examiner. Appellant's glow filament surrounds the discharge path of the vapor lighting tube, is electrically in parallel connection with the vapor tube, a common terminal is provided for one end of each of the lighting elements, and separate terminal connecting means are provided for the other ends of said lighting elements.

The question before us for decision is whether the provision for the glow filament being electrically in parallel connection with the vapor tube, instead of in series therewith as shown by the prior art, constitutes invention.

█ Before proceeding to a consideration of the merits of the case, we deem it proper to make some observations with respect to appellant's brief. Occasionally some members of the bar overlook the fact that in the consideration of appeals from the Patent Office tribunals, this court is limited by statute, sec. 4914, R.S., 35 U.S.C.A. § 62. In the consideration of appeals the court is limited to the evidence certified to us by the Commissioner of Patents as a part of the record, and sometimes factual matters which are not found in the record are set forth in briefs and relied upon.

█ In appellant's brief a patent to one Pirani, No. 2,030,737, is discussed, and what purports to be a copy thereof is attached as an appendix to the brief. While the examiner cited this patent as "additional art of interest," it was not relied upon by him in rejecting appellant's claims, and said patent has not been certified to us as a part of the record. Therefore it may not be considered by us.

█ Appellant's brief discusses three official letters of the examiner, none of which are found in the record. If appellant desired us to consider any of those letters he should have requested the commissioner to certify them to us as a part of the record.

. In his brief appellant discusses a decision of the German Patent Office and a decision of the Austrian Patent Office relative to his alleged invention, and includes what purport to be copies thereof in the appendix to his brief. Neither of these decisions has been certified to us as a part of the record.

Upon motion of appellant this court issued a writ of certiorari requiring that a brief filed by appellant in the Patent Office be certified to us by the Commissioner of Patents. Pursuant to said writ the brief in question was certified to us as a part of the record. While this brief contains what purports to be quotations from said decisions of the foreign patent offices mentioned, it does not appear that these quotations were considered by the Patent Office tribunals, and obviously they cannot be considered by us for any purpose whatever.

Finally, there is included in the appendix to appellant's brief a drawing which appellant states is a working drawing of a lamp actually produced in Switzerland conforming to appellant's application here involved. This drawing is no part of the record certified to us, nor is there any evidence that a lamp was ever produced in Switzerland embodying appellant's alleged invention.

When factual matters dehors the record are relied upon in briefs, it adds greatly to the burden of the court in determining to what extent the arguments of an appellant's counsel relate to matters which may properly be considered by us.

Coming now to the merits of the case before us, it is conceded by the Patent Office tribunals that appellant's device is novel and useful.

As appears from the decision of the examiner hereinbefore quoted, his rejection was based upon his view that appellant's electrically parallel connection between his glow filament and his vapor tube, instead of the series connection as shown by the prior art, would be obvious and predictable, and also more expensive.

The decision of the Board of Appeals is brief and reads as follows:

\*     \*     \*     \*     \*

"The claims to the electric lamp are rejected in view of the prior art even though the examiner concedes that the present sys-

tem is different from that shown in the references and it may produce a superior result. While appellant's apparatus may be more efficient, it is also more expensive. We are not convinced of patentable novelty even though the light sources can be adjusted to provide a more satisfactory union of the rays to form a better approximation to daylight. The change which appellant provides by having separate connections from the two light sources to the power source would be an obvious change if thought desirable and is suggested by the art. We find no reversible error in the position of the examiner.

"The decision of the examiner is affirmed."

We find nothing in the cited prior art suggesting the substitution of appellant's electrically parallel connection between his glow filament and vapor lighting tube for the series connection disclosed by the prior art.

█ Of course the mere fact that appellant's device is novel and useful does not render the involved claims patentable. In addition to novelty and utility of a device, in order to warrant the allowance of the claims the production of the device must involve the exercise of the inventive faculty. In re Burnham, 53 F.2d 534, 19 C.C.P.A., Patents, 723; In re Green, 97 F.2d 130, 25 C.C.P.A., Patents, 1143.

█ However, we are not in agreement with the Patent Office tribunals that the modification made by appellant of the lamps disclosed in the prior art was an obvious change, and if it was not it is conceded that appellant's claims should be allowed. As hereinbefore indicated, there is no suggestion in the references of the desirability of a parallel rather than a series connection, and while we are always inclined to give weight to findings of the Patent Office tribunals when it is found by them that a modification of an old device would be obvious to one skilled in the art, such findings are not conclusive.

In the case at bar both of the Patent Office tribunals, in their findings of obviousness of appellant's modification of the devices shown by the prior art, seem to base their conclusions, in some measure at least, upon the statement that the production of appellant's device would be more expensive than the production of the devices disclosed by the prior art. We are unable to attach any importance to this fact in determining the patentability of appellant's device.

We are confirmed in our conclusion that appellant's device is patentable by the fact that the earliest patent relied upon by the Patent Office tribunals, the patent to Mackay, shows a series connection between the glow filament and the mercury vapor tube in the envelope. This patent was issued in 1916. The next patent relied upon by the Patent Office tribunals is the patent to Sperti, issued in 1936. This patent also shows a series connection between the glow filament and the vapor tube. The patent to Weidhaas, issued in 1937, also shows a series connection.

Thus there was a lapse of twenty years between the first disclosure of a lamp of the general character here involved and the Sperti patent relied upon by the Patent Office tribunals, and twenty-one years elapsed between the issue of the Mackay patent and the patent to Weidhaas.

█ Appellant's device does not seem to have been obvious to these later inventors working in the involved art; and while this fact is not at all conclusive in determining patentability of appellant's claims, it is a circumstance which we think it proper to consider. See In re Fawick, 56 F.2d 873, 19 C.C.P.A., Patents, 1124

█ It seems to be conceded that if the hereinbefore quoted claim 21 should be allowed, all of the appealed claims are allowable.

For the reasons herein stated, we are of the opinion that the involved claims should have been allowed, and the decision of the Board of Appeals is reversed.

Reversed.