34 C.C.P.A.(Patents)-

### In re UPSON.

### Patent Appeals No. 5271.

Court of Customs and Patent Appeals.

April 22, 1947.

Edward H. Cumpston, of Rochester, N. Y., for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 35 to 49, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in a process and apparatus for making laminated boards.

Claims 36 and 42 are sufficiently illustrative of the appealed claims. They read:

"36. The continuous process of making a laminated board from a plurality of sheets of fibrous material, comprising the steps of continuously advancing said sheets, treating said sheets with a resinous solution, subjecting said sheets separately to a pressure sufficient to force said solution into said sheets to impregnate the same throughout, applying a thermosetting res-

inous solution to at least one of each two opposing faces of each sheet, heating said sheets while maintained in spaced relation with one another sufficiently to advance the cure of said thermosetting solution to a tacky state and commence the setting thereof, combining said sheets under substantial pressure to form a board, and continuing the application of heat thereto to complete the thermosetting of said resinous material, all of said steps being accomplished while continuously advancing said sheets and board at a substantially uniform speed.

"42. The continuous process of making a laminated board from a plurality of sheets of fibrous material, comprising the steps of continuously advancing said sheets, treating each sheet with a resinous solution, subjecting said sheets to a roller pressure sufficient to force said solution into said sheets to impregnate the same throughout and remove excess solution therefrom, applying a thermosetting resinous solution to at least one of each two opposing faces of each sheet and to at least one of the outer exposed faces of the outer of said sheets, combining said sheets by pressure to form a board while heating the same to effect the setting of said thermosettin [sic] solution, all of said steps being accomplished while continuously maintaining said sheets and board in a heated state and advancing the same at a substantially uniform speed."

The references are: Jowitt, 318,910, May 26, 1885, Taylor et al., 1,787,404, December 30, 1930, Sutherland, 2,224,992, December 17, 1940.

Another patent to Sutherland, 2,082,854, June 8, 1937, was also cited by the examiner and the board, but was not relied on by either of those tribunals and hence will not be considered here.

Appellant's application discloses a process and apparatus in which a plurality of sheets of fibrous material are passed separately but simultaneously through a bath in which they absorb resinous material. After leaving the bath, each sheet passes between a pair of pressure rolls which force the resin into the sheets and, from those rolls, the sheets pass, separately, through heating chambers. Between the pressure rolls and the heating chambers adhesive is applied to those faces of the sheets which are to be secured to other sheets in the laminated fabric. After leaving the heating chambers, and while the resin is still in a tacky state, the sheets are brought together between pressure rolls which combine them into a laminated board. The board, so formed, passes through additional pairs of rolls and through heating chambers, during which passage the cure of the resin is completed and the surfaces of the board may be given the desired finish. The board then passes through a cooling chamber and to a cutter which divides it into sections of the desired length. The entire process is continuous and the material is moved uniformly and under tension throughout.

The Sutherland patent, which is the reference principally relied on by the examiner and the board, discloses a process and apparatus in which a single sheet of fibrous material is passed through a resin bath and through a heater, after which it is united, between pressure rolls, with an unimpregnated backing sheet. The composite sheet thus formed is allowed to accumulate in a loose loop, from which it is fed intermittently to a curing press which subjects it, a section at a time, to heat and pressure.

The patent to Taylor et al. relates to a process of making laminated sheets in which fibrous sheets are coated with resin, in a manner not specifically disclosed, and wound upon rolls. The sheets are drawn from those rolls simultaneously and are passed across the top of a heated table where they are successively pressed together between a series of rolls and the table top to form a laminated sheet, and the sheet so formed passes to a cutter.

The Jowitt patent was cited only to show that it is old to apply adhesive by "heated, high-pressure nip rolls," such as is used by appellant, to sheets which are to be formed into a laminated fabric.

Each of the claims here presented is limited to a method or apparatus in which sheets are treated with a resinous material, heated and pressed to form a laminated product, and in which the sheets and board are moved at a substantially uniform speed. Such an arrangement obviously has many advantages since it not only produces the final article in the shortest practicable time, but permits the laminated sheets to be formed while the resin is fresh and is in exactly the same condition on each sheet. Furthermore, the use of a continuous uniform movement avoids the formation of pockets or loops which might adversely affect the distribution of the resin or adhesive on the sheets.

.The patent to Sutherland, which was used as the basic reference in the rejection here under consideration, does not illustrate or describe in detail any method or means for making a composite sheet having two or more laminae which have been treated with resin. While there are vague suggestions in the patent that such a composite sheet may be produced, there is no specific statement as to how it may be done and no suggestion whatsoever that the sheets may be simultaneously treated with resin, heated and united in a continuous process, nor is there any indication that the patentee realized that there would be any advantage in such a simultaneous and continuous operation. Furthermore, the Sutherland process does not involve a continuous and uniform movement. The composite sheet is pressed intermittently by sections, which is not only slower than a continuous operation, but necessitates the formation of a loose loop of the material between the point at which the sheets are first united and that at which the final pressing takes place. Such a looping of the freshly joined sheets would seem likely to produce an injurious effect upon them.

The patent to Taylor et al. was relied on by the Patent Office tribunals as showing it to be old to unite sheets during a continuous movement under pressure rolls, and it was held that no invention would be involved in substituting this continuous pressing for the intermittent pressing disclosed by the Sutherland patent. However, the patent to Taylor et al. does not relate to treated or impregnated sheets, but to sheets which have merely been coated, "preferably on one side only." Furthermore, since the patentee unites the sheets successively as they pass across a heated table, some of the sheets would probably be heated to a greater extent than others, which, in the case of treated sheets such as are used by appellant or the patentee Sutherland, might result in a non-uniform product.

We have given careful consideration to the views expressed by each of the Patent Office tribunals, but are of opinion that the proposed combination of the devices disclosed in the references would not be obvious to one skilled in the art, and that if made, the resulting combination would not fairly anticipate appellant's invention.

Many of the appealed claims include limitations in addition to those hereinbefore mentioned.

Owing to the fact that we consider the appealed claims patentable over the references of record, it is unnecessary that we discuss those limitations.

For the reasons stated, the decision of the Board of Appeals is reversed.

Reversed.