### FLETCHER et al. v. UNITED STATES ATOMIC ENERGY COMMISSION.

### No. 10587.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 11, 1950.

Decided June 28, 1951.

Writ of Certiorari Denied Jan. 14, 1952.

See 72 S.Ct. 361.

---

1. In re Carter, U.S.App.D.C., Jan. 18, 1951.

30

William Arthur Fletcher, pro se.

Nellie Pauline Fletcher entered an appearance and was on the brief, pro se.

H. L. Godfrey, Attorney, Department of Justice, Washington, D. C., for appellee.

Before WILBUR K. MILLER and PRETTYMAN, Circuit Judges, and KIMBROUGH STONE, Circuit Judge (retired), sitting by designation.

WILBUR K. MILLER, Circuit Judge.

The petitioners ask us to review the Atomic Energy Commission's refusal to grant them compensation, royalties and an award for the government's alleged use of their inventions in its atomic energy program. Since a construction of applicable legislation is involved, we shall first analyze its pertinent provisions and shall then consider the petitioners' claims against the statutory background.

Through the enactment of the comprehensive Atomic Energy Act of 1946 [1] on August 1 of that year, the United States preempted the field of atomic energy research and development. Among other features of the legislation is drastic control over discoveries and inventions in that field, and over patents and applications for patents relating thereto.

Any patent granted before the effective date of the Act for an invention or discovery which is useful solely in the production of fissionable material or in the utilization of fissionable material or atomic energy for a military weapon was revoked, and the subsequent grant of such a patent was forbidden. § 11(a) (1). In like manner, any patent granted before the enactment of the statute, which conferred any rights with respect to any invention or discovery useful in the production of fissionable material or in the utilization of fissionable material or atomic energy, but not solely useful in such production or utilization for a military weapon, was revoked to the extent that such invention or discovery is useful for the production of a military weapon. No patent thereafter granted conferred any rights in any invention or discovery in the atomic energy field insofar as its use for military purposes is concerned. § 11(a) (2).

The Atomic Energy Commission was authorized to purchase, or to take, requisition, or condemn any invention or discovery useful in the production of fissionable material or in the utilization of such material or atomic energy for a military weapon, or which "utilizes or is essential in the utilization of fissionable material or

atomic energy." Any patent or patent application covering such an invention or discovery may be acquired in the same manner. § 11(d).

The United States is required to pay just compensation for any patent revoked in whole or in part under § 11(a) or acquired under § 11(d). A Patent Compensation Board was set up within the Commission to consider applications for such compensation. § 11(e) (1).

In addition to making the statutory provisions to which we have referred, under which a patentee may be entitled to just compensation and under which just compensation may become due because of the government's purchase, taking, requisition or condemnation of an invention or discovery in the atomic energy field or of a patent or patent application covering the same, Congress anticipated and provided for still another contingency. In § 11(e) (2) (C) it provided: "(C) Any person making any invention or discovery useful in the production of fissionable material or in the utilization of fissionable material or atomic energy for a military weapon who is not entitled to compensation therefor under subsection (a) of this section and who has complied with subsection (a) (3) of this section may make application to the Commission for, and the Commission may grant, an award."

This subsection permits an award—not "just compensation"—to any person whose invention or discovery in the atomic energy field is useful in the production of a *military weapon* but who did not have a patent which was revoked by the Act or who cannot obtain a patent because of the prohibition against such patents after August 1, 1946. An award may not be granted unless there has been a complete disclosure of the invention or discovery to the Commission or to the Patent Office as contemplated in § 11(a) (3).

Dealing with a third phase of the subject, the Congress gave the Commission broad authority over non-military utilization of atomic energy. § 11(c). It is the Commission's duty to declare any pat-

---

1. Chapter 724, §§ 1 et seq., 60 Stat. 755, 42 U.S.C. §§ 1801 et seq.

ent affected with the public interest if "(1) * * * (A) the invention or discovery covered by the patent utilizes or is essential in the utilization of fissionable material or atomic energy; and (B) the licensing of such invention or discovery under this subsection [§ 11(c) (1)] is necessary to effectuate the policies and purposes of this chapter."

Whenever any patent has been declared to be affected with the public interest, the Commission is licensed to use the invention or discovery disclosed thereby and to issue licenses to others under § 11(c) (2) of the Act. The owner of the patent is entitled to a reasonable royalty fee for any use of his invention or discovery by a licensee. Such royalty fee shall be determined by the Commission if it is not agreed upon by the patentee and the licensee.

The statute confers upon this court exclusive jurisdiction to review the Commission's determination of an award under § 11(e) (2) (C) or of a reasonable royalty fee under § 11(c), upon the petition of any person aggrieved thereby. § 11(e) (4). But the statute gives this court no jurisdiction to review a determination concerning just compensation. Any person dissatisfied with the Commission's determination on that subject may sue the United States in the Court of Claims or in any United States district court. § 13.

With the foregoing summary of pertinent statutory provisions before us, we turn to consider the present case. On September 10, 1948, the petitioners, Nellie Pauline Fletcher and William A. Fletcher, filed with the appellee, the Atomic Energy Commission, what they described as an "Application for Reasonable Royalty Fees, Just Compensation and Grant of Award for Patents, Inventions and Discoveries, under Public Law 585, 79th Congress." They alleged that William A. Fletcher was the owner of Patent No. 1,715,283, issued May 28, 1929, for communication circuits; that both petitioners were the owners of "Patent No. 2,060,005, Issued November 10, 1936, for Method of Producing Varient Visual Beauty and Ornamentation Effects

or Designs Within or Around Lighting Structures or Fixtures."

They further alleged that they were the joint owners of a patent application, Serial No. 614,880, filed September 7, 1945, for electrical methods and apparatus, which was said to be a continuation in part of four other applications filed from 1926 to 1941.

Petitioners averred that in accordance with § 11(a) (3) of the Act they " * * * did timely [sic] file a report in detail, dated September 28, 1946, the same having been addressed to the President of the United States, since the Atomic Energy Commission had not then been formed."

They further stated that " * * * these inventions have been and are being used by the United States Government in its various research and development laboratories, experimental fields and in approximately 136 institutions in the United States and Hawaii and by a number of the Commission's contractors * * *."

The only reference to licensing is in a sentence of the application which begins with these words: "In view of the many infringements by the United States Government, its contractors and licensees * *."

From what has been said, it is obvious that in describing their application to the Atomic Energy Commission as one for "Royalty Fees, Just Compensation and Grant of Award," the petitioners conceived themselves to be entitled to, and to be claiming, three different forms of payment, that is, (a) royalty fees for the use of a patent which the Commission has declared to be affected with the public interest; (b) just compensation for patents which were partially or completely revoked by § 11(a) of the Act, or for inventions, discoveries, patents or patent applications acquired by the Commission under § 11(d); and (c) an award under § 11(e) (2) (C) growing out of the Commission's use of unpatented inventions or discoveries.

If what the petitioners sought was "just compensation," the petition for review must be denied at the threshold because we have no power to review a Commission decision on that subject. One

aggrieved thereby may sue the United States in the Court of Claims or in a district court, but he may not come to us for review. In the face of these statutory provisions, we are not inclined to assert the power to review the Commission's decision concerning "just compensation" in this case merely because the same petitioners simultaneously seek review of the Commission's decision concerning an "award," of which we have jurisdiction.

But, if we did take jurisdiction of the decision here concerning "just compensation," under a theory analogous to that of Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, we should be forced to affirm the Commission's action because the record discloses substantial evidence to the effect that the two patents relied upon did not disclose any invention or discovery useful in the production of fissionable material or in the utilization of fissionable material or atomic energy for a military weapon, and so could not be the basis for the award of just compensation under § 11(a). Moreover, one of the two patents had expired before the Act became effective.

■ No basis whatever was shown for claiming reasonable royalty fees under § 11(c) of the Act, as there was no allegation or proof that the Commission had ever declared any patents owned by the petitioners to be affected with the public interest within the meaning of the subsection. In the absence of such allegation or proof, no right to royalties can arise.

■ It remains only to see whether the record shows the petitioners were entitled to an award under § 11(e) (2) (C). More strictly speaking, the question is whether there was substantial evidence to support the Commission's finding that the petitioners were not entitled to such an award. On that score, we have the power of review.

■ In order to justify or require the grant of an award, four conditions must co-exist. The first three are prescribed by the statute, and the fourth is necessarily to be inferred therefrom or is implicit therein. The four conditions are: (1) the claimant must have made an invention or discovery useful in the production of fissionable material or in the utilization of fissionable material or atomic energy for a military weapon; (2) the claimant must be unable to claim just compensation under § 11(a) because he had and has no patent covering his invention or discovery; (3) the claimant must have complied with § 11(a) (3) by completely disclosing his invention or discovery to the Commission or the Patent Office; and (4) the Commission must have made use of the claimant's invention or discovery.

■ In this case the Commission found that the alleged inventions and discoveries of the petitioners were not useful in the production of fissionable material or in the utilization of fissionable material or atomic energy for a military weapon, and expressly disclaimed having made any use of petitioners' process. There was ample evidence to support this finding and disclaimer.

Affirmed.