**William Arthur FLETCHER**

v.

**The UNITED STATES.**

No. 268-52.

United States Court of Claims.

Jan. 31, 1956.

Robert M. Drysdale, Detroit, Mich., and William Arthur Fletcher, Washington, D. C., for plaintiff.

H. L. Godfrey, with whom was Warren E. Burger, Asst. Atty. Gen., Washington, D. C., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff sues for compensation for the alleged use by and manufacture for the Government of devices upon which the plaintiff had a patent. The patent was issued on May 28, 1929, and therefore expired on May 28, 1946. The original petition in this case was filed on May 28, 1952.

The Government bases its motion on the Statute of Limitations, 28 U.S.C.A. § 2501. It is evident that any infringement by the Government of the patent must have been before its expiration on May 28, 1946, and if it was before that date, it was more than six years before the suit was filed.

The plaintiff seeks to recover for the period May 6, 1941 to May 28, 1946. On

May 6, 1941, the plaintiff became an employee of the Government, and remained so until April 7, 1947. He says that the Statute of Limitations did not start to run against him until he left the Government service on April 7, 1947, because his cause of action did not "accrue" until that date. The asserted reason why it did not accrue is that the then applicable statute providing for suits against the United States by owners of patents contained this proviso, 35 U.S.C. (1946 ed.) 68:

"That the benefits of this Act shall not inure to any patentee who, when he makes such claim, is in the employment or service of the Government of the United States, or the assignee of any such patentee". 40 Stat. 705.

The plaintiff says that he could not sue while he was employed by the Government, therefore his cause of action did not accrue until he left that employment, therefore his suit, which was filed within six years after April 7, 1947, was timely. The Government says that the plaintiff's right accrued when the infringements occurred, all of which were, and must have been, before May 28, 1946, the date of expiration of the patent.

The plaintiff says he could not have had an accrued cause of action while the statute denied him the right to sue on it. The Government says that his cause of action must have accrued, and set the Statute of Limitations running even during the time of his Government employment because otherwise a Government employee-owner of a patent could keep his cause of action alive for his whole life, if his employment lasted that long, and the successors to his estate would still have six years within which to sue. The Government says that it ought not to be possible for one by his own voluntary act, that of continuing in the employment of the Government, to toll the Statute of Limitations.

We think the Government's position is sound, though it puts the plaintiff in the unusual, though not unique position of having the Statute of Limitations run against him though he could not sue without first doing some other act. For comparable situations see Duhame v. United States, Ct.Cl., 135 F.Supp. 742.

We are inclined to think that the real issue as to the effect of Section 68 has not been joined by the parties. As quoted above, it said:

"That the benefits of this Act shall not inure to any patentee who, when he makes such claim, is in the employment * * * of the Government * * *."

In the 1948 revision, the Section became Section 1498 of Title 28, U.S.C., and read:

"This section shall not confer a right of action on any patentee who, when he makes such a claim, is in the employment * * * of the United States * * *."

By the Act of July 17, 1952, c. 930, 66 Stat. 757, the provision was amended to read:

"A Government employee shall have the right to bring suit against the Government under this section except where he was in a position to order, influence, or induce use of the invention by the Government."

The plaintiff, rightly, does not claim that the 1952 amendment was retroactive.

When we look at the three successive versions of the statute, we are inclined to think that the two earlier versions meant that one had no claim against the Government for its use of his invention while he was employed by the Government. To construe it, as the parties here have done, as giving him a right and merely postponing his enforcement of it until he leaves the Government employment not only creates problems, as witness this case, but doesn't accomplish much in any event. We do not decide this question, since the parties have not discussed it, and since if we did decide it according to our impression, it would lead to the

same decision. Cf. Van Meter v. United States, 2 Cir., 47 F.2d 192, where the Court seems to have assumed a meaning for Section 68 different from the one we suggest. The assumption did not affect the decision.

The plaintiff has filed a motion for leave to file a second amended petition, for the purpose of including a claim under Section 13 of the Atomic Energy Act of August 1, 1946, 60 Stat. 755, 772; 42 U.S.C.A. § 1801 et seq. In his tendered second amended petition the plaintiff alleges that his invention was useful in the utilization of fissionable material for atomic energy for a military weapon; that the plaintiff filed a claim for compensation for the infringement of his patent, which claim was denied by the Atomic Energy Commission; that he appealed to the United States Court of Appeals for the District of Columbia, which denied his appeal, Fletcher v. United States Atomic Energy Comm., 89 U.S.App.D.C. 218, 192 F.2d 29; that he petitioned the Supreme Court of the United States for a writ of certiorari and his petition was denied, 342 U.S. 914, 72 S.Ct. 361, 96 L.Ed. 684.

 By his proposed second amended petition the plaintiff apparently desires to sue for compensation as if his patented device had been taken for use by the Atomic Energy Commission under Section 11 of the Atomic Energy Act. The plaintiff's patent had expired some months before the Atomic Energy Act was passed, and his invention was in the public domain. Since any person at all could have used it, the Commission could not lawfully have compensated him for its use, if the Commission had used it.

The plaintiff's motion for leave to file a second amended petition is denied. The Government's motion to dismiss the plaintiff's petition is granted, and the petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER, and LITTLETON, Judges, concur.