**Herbert L. ANDERSON, Petitioner,**

v.

**UNITED STATES ATOMIC ENERGY COMMISSION et al., Respondents.**

**No. 13863.**

United States Court of Appeals
Seventh Circuit.

Feb. 7, 1963.

---

6. Pashek permitted Swanson to enter the plant around mid-night on August 23rd to look for Just, who was making his rounds.

**314**

William E. Lucas, Chicago, Ill., Julius Tabin, Chicago, Ill. (Soans, Anderson, Luedeka & Fitch, Chicago, Ill., of counsel), for petitioner.

Stephen B. Swartz, Department of Justice, Washington, D. C., Joseph F. Hennessey, Gen. Counsel, Atomic Energy Commission, Washington, D. C. (Joseph D. Guilfoyle, Acting Asst. Atty. Gen., Alan S. Rosenthal, Stanley M. Kolber, Attorneys, Department of Justice, Washington, D. C., Sidney G. Kingsley, Roland A. Anderson, Asst. Gen. Counsels, John A. Horan, Attorney, Atomic Energy Commission, Washington, D. C., of counsel), for respondent.

Before DUFFY, CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

This matter is before the Court on the petition of Herbert L. Anderson for review of an order dismissing,[1] without consideration of its merits, the application of petitioner for an award under Section 157(b) (3) of the Atomic Energy Act of 1954 (42 U.S.C.A. § 2187(b) (3)). The application was held barred by 28 U.S.C.A. § 2401(a) because it had not been brought within six years of its accrual.

On January 23, 1958, petitioner filed an application with the United States Atomic Energy Commission, respondent, for an award under the Atomic Energy Act based upon certain unpatented discoveries and inventions in the field of atomic energy. The application set forth, among other things, that activities of the petitioner, in concert with other scientists, during 1939, 1940 and 1941, in the development of atomic energy, which were disclosed in substantial compliance with the Act, led directly to the proper design of a suitable lattice of uranium in graphite and the successful construction of the first chain reacting pile. The government filed a response in which it asserted that the application was barred by limitations.

It is not disputed that whatever rights the petitioner may have under the Act first accrued August 1, 1946, the effective date of the Atomic Energy Act of 1946, which first made provision for the making of awards such as the one sought by the petitioner. The 1946 Act has been superseded by the Atomic Energy Act of 1954. The parties agreed that the limitations question be separately and first considered before the merits of the application would be reached. The Commission, in denying review, adopted the conclusion of its Patent Compensation Board that the application having been filed in 1958, more than 6 years after August 1, 1946, it is barred by the statutory limitation governing civil actions

---

1. The determination was made and the dismissal ordered by the Patent Compensation Board of the United States Atomic Energy Commission. The Commission denied review of the Board's decision. Jurisdiction in this Court is predicated upon 42 U.S.C.A. § 2239(b); 5 U.S.C.A. §§ 1032, 1033 and 1034.

against the United States and its dismissal is required.

The sole contested issue presented for our determination is whether an application for an award under the Atomic Energy Act based on an unpatented invention or discovery is subject to the six year limitation period prescribed by 28 U.S.C.A. § 2401(a).

The Atomic Energy Act, in relevant parts, (42 U.S.C.A. § 2187(b) (3) and (c) (2)) provides:

"Any person making any invention or discovery useful in the production or utilization of special nuclear material or atomic energy, who is not entitled to compensation or a royalty therefor under this chapter and who has complied with the provisions of section 2181(c) of this title may make application to the Commission for, and the Commission may grant, an award. The Commission may also, upon the recommendation of the General Advisory Committee, and with the approval of the President, grant an award for any especially meritorious contribution to the development, use, or control of atomic energy.

&ast; &ast; &ast; &ast; &ast; &ast;

"&ast; &ast; &ast; [I]n determining the amount of any award under subsection (b) (3) of this section, the Commission shall take into account the considerations set forth in paragraph (1) of this subsection [(A) the advice of the Patent Compensation Board; (B) any defense, general or special, that might be pleaded in an action for patent infringement; (C) the extent to which, if any, such invention or discovery was developed through federally financed research; and (D) the degree of utility, novelty, and importance of the invention or discovery, and the cost to the inventor or discoverer of developing such invention or discovery] and the actual use of such invention or discovery. &ast; &ast; &ast;"

28 U.S.C.A. § 2401(a) provides:

"Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. &ast; &ast; &ast;"

Petitioner's application constituted a request for monetary compensation under that provision of the Atomic Energy Act by which the government undertook to provide the method of rewarding the makers of unpatented inventions and discoveries useful in the production or use of atomic energy. The conditions justifying or requiring the grant of an award are either expressly prescribed by the statute or necessarily implicit therein. Cf. Fletcher v. United States Atomic Energy Commission, 89 U.S.App.D.C. 218, 192 F.2d 29, 33. The proceeding is adversary in character only to the extent that compliance with the standards which measure eligibility to receive the intended benefit is to be tested. Read in conjunction with those provisions of the Act which necessarily limit the freedom of negotiation and exploitation of invention in the atomic energy field it is apparent that the award provision is designed to provide and maintain the incentive for private research in this area. Its purpose is to encourage and stimulate continued private research and activity in a field in which the government in the over-all public interest and for considerations of national defense has necessarily circumscribed the proprietary recognition usually accorded invention. Cf. Cyril E. McClellan, Docket No. 4, 1 C.C.H. Atomic Energy Law Reporter, p. 10,114.

The remedial nature and beneficent purpose of the award provision call for that liberal construction and application necessary to achieve the purpose for which it was enacted. The fact that in both the Acts of 1946 and 1954 the congresses which have been concerned with the fixing of the standards by which eligibility for an award is to be measured imposed no time limitation as a condition precedent to the making of an

application is not without significance. The 1954 Act does provide for the application, where relevant, of the principle available as a defense in patent infringement suits which places a time limitation on damages (35 U.S.C.A. § 286)[2] although the subject matter of the award is an unpatented invention or discovery. Congress apparently recognized as inapplicable, and did not intend to rely upon, the more stringent bar which would preclude an application for an award for any use made of the unpatented invention or discovery if an earlier use thereof had been made more than six years previously. Otherwise it would have been unnecessary to make the time limitation defense applicable to damages for patent infringement available for consideration in the matter of awards. Congress did see the need for some limitation but it was apparently content to apply a time limit principle to restrict the amount of an award, and it was not until 1961, more than three years after the instant application, that Congress amended the Act[3] to add a six year limitation period with respect to applications for awards.

The government concedes the 1961 amendment operates prospectively only and is therefore not applicable in the instant matter.

■ The government relies solely on 28 U.S.C.A. § 2401(a) to sustain the dismissal of petitioner's application. But we are referred to no precedent for applying the bar of § 2401(a) to an administrative proceeding, as distinguished from a court action, much less to a proceeding designed for the purpose of rewarding past achievement and encouraging future effort—not one necessarily concerned with the redressing of a legal wrong, the fixing of compensation for property taken, or the assessment of a legal damage sustained. The government points to no legislative history which is indicative of Congressional intent that

§ 2401(a) apply to the administrative proceeding here involved.

■ The government's contention in the main seems to be that Congress might have vested jurisdiction of applications for such awards in the Court of Claims and in that case a six year limitation on the filing of the application would have applied. 28 U.S.C.A. § 2501. But Congress did not so choose, and we are not persuaded that the failure of Congress to so utilize the facilities of the Court of Claims affords any reason for concluding that § 2401(a) is applicable. Definitive limitation periods or conditions precedent may be desirable, but they are not necessary. Congress may create a right without a time limitation in which it must be exercised. Cf. Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743. In such case the doctrine of laches may have application if the equitable nature of the right and the facts and circumstances involved so warrant. We think the right created by the provision of the Atomic Energy Act relative to the granting of awards is based on equitable principles. The government through this provision sought to do equity.

Moreover, it is our opinion that the administrative character of the proceeding and the nature of its subject matter preclude the applicability of 28 U.S.C.A. § 2401(a). We are not here concerned with a "civil action" nor a "right of action" within the meaning and intent of those terms as employed in the context in which § 2401(a) appears—an enactment concerning court actions and parties thereto.

The order dismissing the petitioner's application is reversed and the matter is remanded to the Atomic Energy Commission for its further consideration and action.

Reversed and remanded.

2. § 286 provides: "Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action. * * *."

3. 42 U.S.C.A. § 2187(d); Pub.L. 87–206, § 11; 75 Stat. 478.