## In re RALEIGH.
### Patent Appeal No. 3013.

Court of Customs and Patent Appeals.
Dec. 27, 1932.

Albert G. McCaleb, Elwood Hansmann, and Robert H. Wendt, all of Chicago, Ill. (James H. Littlehales, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Application has been made in the United States Patent Office for a patent on improvements in thermostatic wafers, such as are ordinarily used in the control of automobile radiator shutters.

Claims 13, 14, 15, 16, 19, 20, and 21 were finally rejected by the Board of Appeals, and appellant has brought the matter here for review. These claims were rejected on the following references: Sonneborn, 1,158,576, November 2, 1915; Lowell, 1,420,718, June 27, 1922; Post, 1,542,088, June 16, 1925.

Claims 13 and 20 seem to be fairly illustrative of the claims as regards the matters here in issue, and are as follows:

"13. A thermostatic wafer comprising a pair of flexible metal members of substantially cup shape, one of said members having a curled flange with outwardly and inwardly extending portions, and the other of said members having a curled flange embracing said first mentioned curled flange and terminating between said outwardly and inwardly extending portions."

"20. The method of making a thermal cell which consists in forming a circular side member provided with an annular offset shoulder and a peripheral flange extending away from said offset shoulder to encircle the flange of the second side member hereinafter mentioned, forming a second side member provided with an annular offset shoulder and a peripheral flange turned back from said last mentioned offset shoulder to lie within and parallel with the flange of the first side member when the side members are nested together, nesting the said side members one within the other with said shoulders in contact, simultaneously curling the nested flanges into interlocked engagement, then squeezing said curled flanges by pressure applied outside the chamber defined by the side members, filling said chamber with a fluid having a high coefficient of thermal expansion and sealing said chamber."

Appellant's device consists of a thermostatic cell in the shape of a round, flattened disk, suitable for containing some thermal fluid and made of some suitable metal. The device and its method of construction is thus described by appellant in his specification:

"In constructing the wafer shown in the drawings, I first form the circular parts indicated at A and B, these parts being conveniently formed by a drawing operation in a punch press. It will be noted that the part A is conformed to provide a circular side wall A–1, an annular offset A–2, an annular shoulder A–3, and an annular flange A–4, the shoulder A–3 occupying a plane substantially parallel to the plane of wall A–1 and flange A–4 being disposed at right angles to said wall. Wall A–1 is preferably provided with an annular indentation A–5 to facilitate

its flexure. I have found that the bend where the side wall A–1 merges into the offset A–2 should be appreciably rounded as indicated at A–6, because an abrupt angle at this point would be very apt to cause early fatigue of the metal. The bend where offset A–2 merges into shoulder A–3 should also be slightly rounded, although the elimination of an abrupt angle at this point is perhaps not quite so essential as is the elimination of such an abrupt angle between the side wall A–1 and the offset A–2.

"Part B is conformed to provide the circular side wall B–1, the annular offset B–2, the annular shoulder B–3, and the annular flange B–4 which is turned back from the shoulder B–3 at right angles to the plane of the side wall B–1. Side wall B–1 is provided with the annular indentation B–5 to facilitate its flexure, and the bend B–6 where the side wall B–1 merges into the offset B–2 is definitely rounded as and for the same reason that the metal of the part A is rounded at A–6. The bend where offset B–2 merges into shoulder B–3 is also slightly rounded as illustrated.

"The annular flange B–4 is of such external diameter that the wafer part B may be nested very snugly within the wafer part A with the shoulders A–3 and B–3 contacting to define the fluid chamber C.

"With the parts B and A nested one within the other as illustrated in Fig. 3, the nested annular flanges A–4 and B–4 are simultaneously curled into interlocking engagement as illustrated in Fig. 4, this curling operation preferably being accomplished in a punch press by means of suitable dies, which need not be here illustrated. The inter-curled flanges are then tightly squeezed together along their entire circumference by force applied externally of the chamber C and at right angles to the normal planes of the side walls A–1 and B–1, this squeezing operation being preferably, but not necessarily, accomplished in a punch press."

The Lowell reference patent is upon thermostatic cells used in steam traps. This cell is of the same general type as that of applicant here, and a round portion of each side of the cell next the center is depressed. Post also shows a thermostatic cell used in steam traps, of similar construction, but with three annular areas of depression in the sides of the cell. Each of these is a device patent, with no method claims. Each shows the two sides of the cell joined by a rolled or folded joint. The only apparent difference between these joints and the one disclosed by appel-

lant herein, is in the fact that the references show but one refolding of the margins of the sides, instead of the two shown by appellant.

The Board has held that this feature is supplied by Sonneborn. Sonneborn shows a metal radiator formed of two pieces of material, joined together at their outer extremities by flanges or extensions of said sides rolled or folded into seams having substantially the same degree of folding or rolling as shown by appellant's completed device. Sonneborn's patent is for a method of seaming. In his claims he recites, as in claim 1, his method:

"1. The method of seaming sheet metal hollow articles, which consists in applying to each other two dished body sections with projecting edge portions, one of said sections being larger than the other but having its body portion of lesser width, and then rolling up the projecting edge portions of the two sections to form a several-walled seam and thereby drawing the body portion of the larger section outwardly to substantially the dimension of the body portion of the smaller section."

█ It is argued, first, by appellant, that Sonneborn's patent is not in an analogous art. We are not able to agree with this contention. Both the appellant and Sonneborn, are engaged in the art of making fluid-tight seams in metal of the same general character. As stated in Re Schneider, 47 F.(2d) 970, 971, 18 C. C. P. A. 1114, the test is:

"* * * Is the patentable conception in Reich in an art so remote and nonanalogous to the concept in applicant's art as to require invention to make the necessary substitution?"

It is our opinion that no invention is involved in utilizing Schneider's seam and method in constructing appellant's thermostatic cell.

These conclusions as to analogous arts are in harmony with our former decisions on this subject. In re Molyneaux, 35 F.(2d) 68, 17 C. C. P. A. 573; In re Bennett, 40 F.(2d) 755, 17 C. C. P. A. 1113; In re Voorhees, 40 F.(2d) 773, 17 C. C. P. A. 1162; In

re Metzger, 45 F.(2d) 918, 18 C. C. P. A. 808.

It is vigorously insisted by appellant that the method disclosed by Sonneborn will result in an entirely different joint than if made by appellant's method, for this reason: That Sonneborn shows his flanges to be pressed into angular shapes, instead of rounded or curved shapes, as shown by appellant; that because of said angles, the seam, when folded, will develop lines of weakness at the points of coincidence of the lines of said angles; that this is avoided by appellant's curves and his method of *curling*.

This distinction is not apparent to us. In his article claims, appellant must rely upon his finished product. This finished product is the result, not only of *curling*, but of pressing in a stamp press, which, it would appear, would develop similar lines of weakness in appellant's seam. In any event, the seams, when completed, seem to be substantially the same in Sonneborn and applicant.

Special reference is made to rejected claim 19, in which the metal joint is described as made by thus engaging the flanges of the members:

"* * * The flange of one member being enclosed within the flange of the other, and both flanges extending *outward, inward and outward again* to form a gas tight joint. * * *" (Italics ours.)

It is said that in Sonneborn but one flange extends outward the second time. This feature, both tribunals of the Patent Office agree, is not inventive over Sonneborn, in view of the finished condition of the said joints. The appellant, in his specification, states that the preferred form of his said joint is finished by the application of solder thereto. In view of this fact, and in further view of the suggestions made by the Board of Appeals on this point, we are of opinion nothing inventive over Sonneborn is shown by appellant in this feature.

As to the method, there does not appear to be any substantial difference between the *rolling* of Sonneborn and the *curling* of appellant.

The decision of the Board of Appeals is affirmed.

*Affirmed.*