**BUCK v. OOMS, Commissioner of Patents.**

**Civil Action No. 26368.**

District Court of the United States for the District of Columbia.

Dec. 20, 1945.

Charles M. Buck, pro se.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for defendant.

HOLTZOFF, Justice.

This is an action under Section 4915, R.S., U.S.C.A., Title 35, Section 63, against the Commissioner of Patents for an adjudication that the plaintiff is entitled to a patent which was refused on the ground that the alleged invention had no utility.

The plaintiff claims to have discovered a new law of siphonic action and, on the basis of this alleged discovery, to have devised a method and an apparatus for harnessing the energy said to be produced by siphonic action. His apparatus consists of ascending and descending arms or tubes located vertically in a tank filled with water. A shaft operated from a source of power located outside of the structure is inserted horizontally into the ascending arm. Blades are attached to the end of the shaft. Another shaft similarly constructed is likewise inserted horizontally into the ascending arm at a point somewhat above the first shaft. The rotation of the blades attached to the lower shaft would, as asserted by the plaintiff, force the water up through the ascending arm, thereby rotating the blades attached to the upper shaft, which may in turn be connected by means of a pulley to a generator or other means for the utilization of power thus recovered or produced. The claims cover both the structure and the method of operation.

It does not appear that the plaintiff has ever constructed or operated the structure described by him. Beyond making general and indefinite statements that the apparatus might be used to operate a turbine or a generator, he does not indicate its practical usefulness or demonstrate wherein it is a patentable invention, or in any way contributes to the advancement of the useful arts.

The examiner rejected the application on the ground that the device lacks utility and is incapable of performing the functions ascribed to it. The Board of Appeals of the Patent Office affirmed his action on the ground that no useful purpose would be served by the device, and that there is no showing of satisfactory use or adoption of the proposed system for any useful purpose—in other words, that the device lacks utility.

At the trial of this action the only material submitted consisted of excerpts from the record of the Patent Office on the plaintiff's application. No other evidence was introduced.

■ While in form an action under Section 4915, R.S., is an independent suit to try de novo the issues raised in the Patent Office, it is in effect a mode of reviewing the administrative determination. The basic principle governing judicial review of administrative action was aptly formulated by Mr. Justice Cardozo in Mississippi Valley Barge Co. v. United States, 292 U.S. 282, 286, 287, 54 S.Ct. 692, 694, 78 L.Ed. 1260:

"The judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body."

This doctrine is as applicable to a proceeding to reconsider a decision of the Patent Office as it is in the case of rulings of other administrative agencies.

An action under Section 4915, R.S., was characterized by Mr. Justice Brewer in Morgan v. Daniels, 153 U.S. 120, 124, 14 S.Ct. 772, 773, 38 L.Ed. 657, as follows:

"But this is something more than a mere appeal. It is an application to the court to set aside the action of one of the executive departments of the government. * * * It is something in the nature of a suit to set aside a judgment, and, as such, is not to be sustained by a mere preponderance of evidence."

The burden of proof is on the plaintiff to establish that the conclusions reached by the Patent Office were erroneous. This onus must be sustained not by mere preponderance of the evidence, as is required in civil actions generally, but by proof that is clear and conclusive.

Mr. Justice Shepard of the Court of Appeals of the District of Columbia in an early case, stated that "The burden is upon the complainant to establish the affirmative by proof that is clear and conclusive", Durham v. Seymour, 6 App.D.C. 78, 91. See also Bayer v. Rice, 64 App.D.C. 107, 108, 75 F.2d 238.

It has been said again and again that if there was any rational basis for the conclusion of the Patent Office, its decision should be sustained, Radtke Patents Corp. v. Coe, 74 App.D.C. 251, 255, 122 F.2d 937; Forward Process Co. v. Coe, 73 App.D.C. 100, 116 F.2d 946; Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449. This principle is peculiarly applicable to a finding that the disclosure was lacking in invention, since this is a question of a technical nature which the Patent Office is well equipped to determine. Radtke Patents Corp. v. Coe, supra.

In the instant case the court is asked to set aside the action of the Patent Office on the record made before that agency. No evidence has been adduced tending to demonstrate that the Patent Office committed error. The plaintiff relies solely on argument and on an attempted mathematical demonstration which he urges proves the correctness of his alleged discovery.

The plaintiff stresses his contention that he has discovered a law of siphonic action hitherto unknown. It must be borne in mind, however, that patents are not granted on discoveries of abstract laws or principles. They can be awarded only in respect to a concrete embodiment of an idea, whether the embodiment is a device, a product, or a process.

Many years ago, Judge Shipman in the Southern District of New York, in Morton v. New York Eye Infirmary, C.C.N.Y., Fed.Cas. No. 9,865, summarized this doctrine as follows:

"A discovery of a new principle, force, or law operating, or which can be made to operate, on matter, will not entitle the discoverer to a patent. It is only where the explorer has gone beyond the mere domain of discovery, and has laid hold of the new principle, force, or law, and connected it with some particular medium or mechanical contrivance by which, or through which, it acts on the material world, that he can secure the exclusive control of it under the patent laws. He then controls his discovery through the means by which he has brought it into practical action, or their equivalent, and only through them. It is then an invention, although it embraces a discovery. Sever the force or principle discovered from the means or mechanism through which he has brought it into the domain of invention, and it immediately falls out of that domain and eludes his grasp. It is then a naked discovery, and not an invention."

More recently, the Circuit Court of Appeals for the Ninth Circuit in Wall v. Leck, 9 Cir., 66 F. 552, 555, made the following statement:

"A mere naked principle, a law of nature, or property of matter cannot be patented. So long as the principle is a mere item of knowledge, and sometimes from its nature it must always remain such, no patent can be held valid, however brilliant and useful the discovery may be."

In this jurisdiction, it was stated in Durham v. Seymour, 6 App.D.C. 78, 93, that: "A principle, an idea or a purpose is not the subject of a patent."

In this case the Patent Office officials have determined that the plaintiff is entirely in error in his assertion that the new so-called law of siphonic action in fact exists. They have also concluded that the plaintiff's device would not operate in the manner claimed by him and has no utility. To overcome this conclusion the plaintiff submits merely a theoretical argument. He has not, so far as appears, constructed and operated the device. This would seem to be the only satisfactory manner of overcoming the decision of the Patent Office,

718

which, as stated above, is peculiarly well equipped and fitted to pass on matters of a technical character.

■ The foregoing considerations irresistibly lead to the conclusion that the plaintiff is not entitled to the remedy which he seeks at the hands of this court.

Judgment for the defendant.