FLETCHER et al. v. WATSON,
Com'r of Patents.

No. 11530.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 11, 1953.

Decided April 9, 1953.

Petition for Rehearing Denied
May 20, 1953.

Mr. William Arthur Fletcher and Mrs. Nellie Pauline Fletcher, appellants, pro se.

Mr. H. S. Miller, Atty., United States Patent Office, Washington, D. C., with whom Mr. E. L. Reynolds, Sol., United States Patent Office, Washington, D. C., was on the brief, for appellee.

Before CLARK, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

In this action under R.S. § 4915, 35 U.S.C.A. § 63, Nellie P. Fletcher and William A. Fletcher sought authorization of the allowance of Claims 1 to 39 of their application for a patent which had been rejected by the Patent Office. The Fletchers appeal from the order of the District Court, entered after hearing, which dismissed their suit.

The application, bearing Serial Number 614,880, is entitled "Electrical Methods and Apparatus" and its disclosure purports to relate to radiation of various types, the transmutation of substances, and the generation of energy. The appellants' brief contains a description of the nature of their invention which includes the following:

"The invention relates broadly to method and apparatus designed for use in modifying or assigning velocity energies or electric potentials, of ray particles or waves of the electric wave spectrum, thereby making it possible to change at will the electrical combination in a 'mass' including solids, liquids and gases * * *.

"According to an important characteristic of this invention there is involved in this broad process of assigning velocity energies, a principle termed 'super-discharging' or an intense discharge of velocity energy resulting from applying to velocity or mass, to which there is inherent or with which there has been associated assigned velocity, mass oscillation or other excited energy, further mass or velocity, so that the resultant discharge or release notably exceeds the normal or preconceived value. Among the in-

herent and associated energies is that of the potential field.

"* * * this idea and means is utilized to produce the modification or assigning of velocity to a 'moving mass', enabling as a result the production among other things of previously unknown release and utilization of atomic energy * * *."

The Examiner's decision was that the specification does not disclose the subject matter in such full, clear, concise and exact terms as to enable those skilled in the art to practice the alleged invention; that the method and apparatus described therein are inoperative to produce the results claimed therefor; and that the claims are drawn to subject matter which is not sufficiently useful and important to support a patent within the meaning of R.S. § 4893, 35 U.S.C.A. § 36. These holdings were affirmed by the Board of Appeals of the Patent Office. The evidence before the District Court consisted of documentary and physical exhibits; no witnesses were introduced.

Application No. 614,880, filed with the Patent Office September 7, 1945, has heretofore been considered by this court under other circumstances. It was one of the bases of an application which the Fletchers made to the Atomic Energy Commission for royalty fees, just compensation and grant of award under the Atomic Energy Act of 1946, 60 Stat. 755, 42 U.S.C.A. § 1801 et seq., on the theory that the government had used the invention therein described in its atomic energy program. The claim was discussed at length by the Patent Compensation Board of the Atomic Energy Commission in an opinion styled In re Fletcher and Fletcher, 1950, 84 U.S.P.Q. 386. The Board found that application No. 614,880 purports "to relate to electrical and radiation methods and apparatus"; that it contains "no comprehensible teaching to enable one skilled in the art to make, compound or to use the same." It also found the application "not useful in the production of fissionable material or in the utilization of

fissionable material or atomic energy." Summing up, the Patent Compensation Board said:

"The problem here is not merely one of lack of formality or awkwardness of expression, or even unorthodox use of terminology. At the hearings applicants were given full opportunity to translate the disclosures made in the applications into a comprehensible definition of the structures and phenomena involved. This effort yielded little more, if anything, than is evident from the documents."

Thus the Patent Compensation Board recognized in that case, as the Patent Office and the District Court did in this one, the nebulous nature of the appellants' disclosures, which is illustrated by the portions of their own description which we have quoted above. When the proceeding before the Atomic Energy Commission came to us, we held [1] there was ample evidence to support the finding of the Commission.

"* * * that the alleged inventions and discoveries of petitioners [Fletchers] were not useful in the production of fissionable material or in the utilization of fissionable material in atomic energy for a military weapon * * *."

From the foregoing it is seen that the Fletchers come to us on this appeal with the burden of overcoming the presumption that the Patent Office and the District Court are right.[2] Moreover, their burden is made heavier by the Atomic Energy Commission's conclusion that application No. 614,880 does not give a comprehensible definition of the structures and phenomena involved, which we affirmed on appeal. At the judicial hearing in this case, the Fletchers made no effort to translate the application's disclosures into such a definition, just as they did not in the proceeding before the Atomic Energy Commission.

Affirmed.

1. Fletcher v. United States Atomic Energy Comm., 1951, 89 U.S.App.D.C. 218, 221, 192 F.2d 29.

2. Abbott v. Coe, 1939, 71 App.D.C. 195, 109 F.2d 449.