Samuel **FICARA**, Plaintiff

v.

**Robert C. WATSON**, Commissioner of Patents, Defendant.

Civ. A. No. 891–57.

United States District Court
District of Columbia.
March 24, 1959.

Bernard F. Garvey and George A. Garvey, Washington, D. C., for plaintiff.

Clarence W. Moore, Solicitor, U. S. Patent Office, Washington, D. C., for defendant.

SIRICA, District Judge.

This is an action to obtain a patent pursuant to the terms of 35 U.S.C.A. § 145 on a device for handling bowling pins in a bowling alley. Out of plaintiff's original 12 claims, the Board of Appeals of the Patent Office has granted Nos. 6, 11 and 12. The latter two claims include a gutter section near the pit end of the bowling alley with a conveyor belt in the bottom of the gutter to carry the pins to the pit. Another belt runs along the edge of the gutter. It is fitted with a "tab" reaching a few inches down into the gutter as well as with "fingers" projecting vertically from the belt. Both tabs and fingers are for the purpose of engaging and guiding "deadwood" onto the conveyor belt that will then carry the pins to the pit. Claims 1 through 10 describe in varying detail and combination the elements set forth in claims 11 and 12.

Section 103 of Title 35 of the U.S.Code Annotated sets forth the standard for testing the inventiveness of a claim when compared with the prior art. It reads in part as follows:

"A patent may not be obtained * * * if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."

Determinations by the Patent Office that claims do not meet this standard are entitled to great weight and, in a District Court proceeding such as this, the plaintiff has the burden of overcoming the presumption that the decisions of the Patent Office are correct. Fletcher v. Watson, 1953, 92 U.S.App.D.C. 205, 204 F.2d 68. In other words, plaintiff must present clear and conclusive proof to the Court that the ruling of the Patent Office was erroneous. Buck v. Ooms, D.C.D.C. 1945, 63 F.Supp. 715, 717, affirmed per curiam, 1947, 82 U.S.App.D.C. 2, 159 F.2d 462.

The subject matter of claims 1 and 2 consists of a combination of elements admittedly known in the bowling alley art. Claim 1 sets forth four elements: a. A gutter section near the pit; b. a conveyor belt within it to carry pins to the pit; c. means to keep the belt moving toward the pit, and d. a spring-loaded take-up device at one end of the gutter to keep the belt under tension. Claim 2 includes these elements plus a concave-convex shape for the gutter. In rejecting these claims, the Board cited Bishop's patent (No. 1,692,796) as teaching the use of a spring take-up to keep tension on a chain-sprocket used in carrying bowling pins from the pit up to a pin-setting mechanism. The Board also pointed to several references teaching the use of conveyor belts in gutters to take pins to

the pit. Cf. Fairchild (No. 1,375,835), Murphy (No. 1,586,831) and Williams (No. 1,806,274). It is the conclusion of the Court that the plaintiff, who was experienced in the use of bowling alley devices, employed the skill of the art and not invention when he applied the spring-loaded take-up to the gutter conveyor belt. Though the result was apparently useful and commercially acceptable, plaintiff was not able to prove that the subject matter of claims 1 and 2 is patentable over the prior art.

Claims 3, 4, 5, 7, 8, 9, and 10 describe various elements of the overall device as to which a patent was authorized by the Patent Office in claims 6, 11 and 12.

■ Claims 3 and 4 include elements a, b and c of claim 1, plus an endless belt "adjacent to" the gutter fitted with a "tab" to engage and move pins onto the conveyor belt that carries them to the pit. Claim 4 includes these elements with the addition of "fingers extending vertically from the top of the endless belt" to engage pins beyond the reach of the tab. The Board rejected these two claims in view of Murphy. This patent discloses a conveyor belt in the base of a gutter with vertical projections called "lugs" to engage deadwood and move it to the pit. Plaintiff's belt with its "tabs" and "fingers", according to the Board's finding, perform the same function as Murphy's belt fitted with "lugs". It was held that the plaintiff's description of the structure of his "tabs" and "fingers" was so broad as to fit the definition of Murphy's lugs. The Board noted that the term "adjacent to" could refer to a belt inside or outside the gutter and this could describe a structure so similar to Murphy as to be within its teaching. Since it is the precise terms of an applicant's claim that must govern the Court's decision (cf. 35 U.S.C.A. § 112), the Court must agree with the Board's conclusion that claims 3 and 4 are not patentable over Murphy.

Claim 5 describes plaintiff's device in even broader terms than the preceding two claims with a more specific description of the tab structure. Nevertheless, the claim taken as a whole fails to specify sufficiently the particular structure relied on by plaintiff to achieve the result aimed at by the overall mechanism in Claims 11 and 12 and thus is not patentable over Murphy.

Claim 7 omits the conveyor belt altogether. Furthermore, its description of the flexible tabs reaching down into the gutter to clear deadwood would include within its broad terms a device such as in Davis where a pin and ball sweep device has a section on each side reaching down into the gutter to clear away pins lying there. While Davis' projections are not described as being flexible as are plaintiff's "tabs", this modification of Davis does not constitute a patentable alteration.

Claims 8, 9 and 10 concentrate on the tab structure and describe it variously as "a substantially flat body extending into the gutter", the face of which is disposed longitudinally of the gutter (claim 8) or as extending into the gutter "with a stiffening member * * * to resist flexing" (claim 9), or with this stiffening member as a rod which can be bent downwardly to permanently keep the tab close to the gutter (claim 10). The Board ruled that these claims do not provide the advantages plaintiff alleged over the device of Murphy and the Court agrees with the Board's decision.

■ Upon a full consideration of all the evidence and of the demonstration of plaintiff's device, the Court concludes that the plaintiff has failed to establish patentability with respect to claims 1, 2, 3, 4, 5, 7, 8, 9 and 10 over the references relied on by the Board of Appeals of the Patent Office. The Court finds in favor of the defendant.

Counsel for defendant will prepare appropriate findings of fact and order within ten (10) days.