Warren P. HUNNICUTT, Plaintiff,

v.

Robert C. WATSON, Commissioner of Patents, Defendant.

Civ. A. No. 2409-57.

United States District Court
District of Columbia.

May 6, 1960.

John M. Mason, Mason & Mason, Washington, D. C., for plaintiff.

C. M. Moore, Solicitor, U. S. Patent Office, Washington, D. C., for defendant.

LEONARD P. WALSH, District Judge.

This civil action, a bill to enforce issuance of a patent, was filed in accordance with Rule 303(a) of the Patent Office Rules of Practice, 35 U.S.C. and 35 U.S.C. § 145.

Plaintiff is the assignee of the entire right, title, and interest in patent application No. 296,891, filed in the name of Robert L. Dowling, Jr., and recorded on July 2, 1952 in the Patent Office. Plaintiff is a citizen of the United States, and a resident of St. Petersburg, Florida. The Defendant, Robert C. Watson, is sued as the Commissioner of Patents of the United States.

The application prosecuted by Robert L. Dowling, Jr., is for a building cost calculator. After amendment, only three claims remained to be passed upon, Nos. 6, 7 and 8. The primary examiner rejected and refused to allow these claims.

Claim 6, representative of the appealed claims, reads as follows:

"6. The combination of a tabular form and a cross bar, said form having at least two areas of subdivision determined by at least one dividing line, a plurality of columns of numerical indicia of different units of square measurement in one area of subdivision and on one side of said dividing line, the indicia in each column progressively increasing in magnitude from one side of said area to the other and with the indicia of the same value in each column arranged at a different level from the corresponding indicia in every other column, said columns being parallel to said dividing line, the indicia in the several columns being arranged in rows perpendicular to the dividing line, the spaces between the rows decreasing progressively with the progressively increasing magnitudes of the indicia in the columns, a plurality of columns of numerical indicia of different units of monetary value in the other of said areas on the opposite side of said dividing line, the indicia in the several second mentioned columns being in rows perpendicular to said dividing line and substantially in line with the first mentioned rows of indicia, said cross bar being mounted over said form, substantially perpendicular to said dividing line, means whereby the form and cross bar may be moved relative to each other, said cross bar having areas of subdivision determined by at least one dividing line transversely thereof, which is adapted to lie above and register with the dividing line on the form when the cross bar is in operating position over the form, means to maintain said dividing line on said cross bar in substantial alignment with said dividing line on said form during all positions of adjustment, said cross bar dividing line defining areas of subdivision, a plurality of columns on one side of said cross bar subdivision line adapted to register with said first mentioned columns on said form, said columns on said cross bar being formed by spaced lines arranged in parallel relation to each other and to said cross bar subdivision line, a plurality of rows of indicia longitudinally of said cross bar in said columns, a plurality of columns of indicia on said cross bar in another area and adapted to register with said second mentioned columns on said form, said last mentioned indicia arranged in a plurality of rows each extending longitudinally of said cross bar, said last mentioned rows being formed by spaced parallel lines arranged at right angles to said columns with one of said last mentioned lines coinciding with the edge of said cross bar at which the indicia in said other of said areas are read."

Claim 7, dependent on claim 6, defines the tabular form as being a flat rectangular plate, and a cross bar movable over one face of the plate.

Claim 8, also dependent on claim 6, defines a calculator wherein the tabular form is cylindrical in shape, and the cross bar is stationary.

Plaintiff-assignee appealed the decision of the primary examiner to the Board of Appeals of the U. S. Patent Office, and on July 31, 1957, the Board affirmed the decision of the primary examiner.

▉ The principal requirements for patentability are: it must be a new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, 35 U.S.C. § 101; and, the differences between the subject matter sought to be patented and the prior art must be such that the subject matter as a whole would not have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains, 35 U.S.C. § 103. The question in this case revolves around the latter requirement.

▉ In addition to novelty and utility of a device, in order to warrant the allowance of the claims, the production of the device must involve the exercise of the inventive faculty. In re Buser, 1942, 129 F.2d 710, 29 CCPA 1196. Therefore, it is incumbent on an applicant in his application for a patent to state his claim in such terms that it avoids the prior arts, i. e., that it is unobvious under the provisions of section 103 of the Code.

Defendant introduced two references:

| Ham | 214,128 | Apr. 8, 1879 |
| Hull | 444,396 | Jan. 6, 1891 |

Said references were relied upon by the primary examiner and the Board of Appeals in rejecting and refusing the application. Defendant alleges that the Ham patent and the Hull patent, when compared to Plaintiff's claims, show clearly that the subject matter of claims 6, 7 and 8 would be obvious to one normally skilled in the art of devising calculators in view of the prior art.

Plaintiff claims that his device contains an addition of a new and useful element to an old combination, i. e., an old patented structure, and that this is patentable. (Page 32 of Transcript).

▉ The Supreme Court has held that the addition of a new and useful element to an old combination may be patentable, but has pointed out that the addition must be the result of invention rather than the mere exercise of the skill of the calling, and not one plainly indicated by the prior art. Textile Machine Works v. Louis Hirsch Textile Machines, Inc., 1938, 302 U.S. 490, 58 S.Ct. 291, 82 L.Ed. 382.

Plaintiff relies on the case of Ex parte Ruth, 41 U.S.P.Q. 581 (1938). In his memorandum in support of proposed findings filed with the Court, Plaintiff also cited the case of Cincinnati Traction Co. v. Pope, 6 Cir., 1913, 210 F. 443, among others. However, that case was discussed, but also distinguished, by the Court of Customs and Patent Appeals in the case of In re Reeves, 1932, 62 F.2d 199, 20 CCPA 767, wherein two claims of an applicant were denied. In that case, a valuation chart intended for use in appraising buildings, with designations representing characteristics of buildings with check spaces and various items grouped according to classes, was held not patentable.[1] In affirming the

1. Claim 2 in the Reeves case reads as follows:

"2. A valuation chart for buildings comprising a record sheet having details of building constructions arranged in groups designated by classes, each class having listed thereunder the details of building construction frequently found in buildings of that class, and the details being arranged similarly in order in all the classes, whereby when the details of construction of a building to be valued are checked on the record sheet under the nearest approximated classes, the preponderance of checks in any class group will directly indicate the class of build-

Board of Appeals in the Reeves case, the Court said [1932, 62 F.2d 200]:

"We agree with the Board of Appeals that appellant's disclosure shows nothing inventive within the meaning of the patent law. It is not a new and useful art, machine, manufacture, or composition of matter, or any new and useful improvement thereof. * * *

"It was said in Guthrie v. Curlett, et al., supra [cited by the examiner] that: '* * * We believe that it discloses an art, which, if it be novel, is not the kind of art protected by the patent acts.'

"In discussing the holding of the court in Cincinnati Traction Co. v. Pope, supra, this court in Re Russell, 48 F.(2d) 668, 669, 18 C.C.P.A. 1184, said: 'The court, however, did not hold that the mere arrangement of the printed text constituted pattentable subject-matter, but on the contrary, based its decision upon the patentable novelty of the physical structure of the tickets. * * *'

* * * * * *

"It seems to be settled patent law that invention cannot rest alone in novel printing arrangement, although it may reside in some physical structures of printed matter."

Plaintiff in his Memorandum, on page 2, states: "There should be no real question in this case but that plaintiff has created a new and novel calculator of significant value to society and particularly to real estate estimators and appraisers. The *predominant* issue of this case is whether the calculator is in a patentable class or merely belongs to the field of printed matter." (Emphasis supplied.)

While neither the Board of Appeals, the Defendant, nor the Plaintiff referred to the Reeves case, that case stands as evidence that valuation or appraisal charts have been in use for a number of

years. It is also noted in the Reeves case that the court found applicant's disclosure did not even involve a new or useful art. However, the court did indicate that invention may rest in the physical structures of printed matter.

The primary examiner and the Board of Appeals in this case, in the Court's opinion, have denied the Plaintiff's application on the basis of structure. The examiner, in his answer, compared the structure in claim 6 with that of the Ham patent in detail and found that the claim was met by the latter patent. He found claim 8 unpatentable for the reasons discussed in connection with claim 6, and he found that claim 7 was unpatentable over the patent to Ham in view of the patent to Hull.

There seems little doubt that on the basis of the Reeves case alone, that the mere novel arrangement of printed matter constituting a valuation chart for appraisers is not patentable. However, Plaintiff claims that the Ruth case, supra, brings his claims 6, 7 and 8 within the patentable class wherein a cross bar with its coordinated figures in aligned columns in two distinct areas are correlated with columns located in two distinct areas on the form. Plaintiff claims that the exercise of invention was required to provide the novel combination of Plaintiff's calculator.

Plaintiff alleges that the Board of Patent Appeals did not consider the cross bar in denying Claim 6. However, the Board referred to and affirmed the Examiner's decision with respect to claim 6, and the examiner considered the cross bar in his comparison of Plaintiff's claim with the Ham patent. Also, the Board referred to the cross bar in denying claims 7 and 8.

The rejection of the patent application on the alleged lack of correlation as admitted by the Plaintiff in his memorandum, page 4, is a question of fact decided by the Board of Patent Appeals in its

---

ings to which that particular building belongs and the checks missing in that class group or found in the groups of the other classes will indicate directly

the extent to which that building being valued differs from the usual run of buildings of that class."

decision of July 31, 1957. That decision sets forth the reasoning of the Board for affirming the decision of the Primary Examiner.

■ Plaintiff has offered no new evidence sufficient to convince the Court that it should set aside the findings of the Board of Patent Appeals. In Esso Standard Oil Co. v. Sun Oil Co., 97 U.S. App.D.C. 154, 229 F.2d 37, 40, certiorari denied, 1956, 351 U.S. 973, 76 S.Ct. 1027, 100 L.Ed. 1491, the Court stated:

" * * * a finding of fact by the Patent Office as to priority of invention * * * must be accepted as controlling, unless the contrary is established by evidence 'which, in character and amount carries thorough conviction.' * * * a mere preponderance of the evidence is not sufficient with regard to invention; the Patent Office finding must be accepted if it is 'consistent with the evidence,' the Patent Office being an expert body pre-eminently qualified to determine questions of this kind * * *."

The more recent case of Watson v. Bersworth, 102 U.S.App.D.C. 187, 251 F.2d 898; 1958, 356 U.S. 972, 78 S.Ct. 1135, 2 L.Ed.2d 1146, reaffirmed the above proposition.

The Patent Office finding that "a particular new set of indicia in an old relation on an old mechanical structure to provide for solving a different mathematical problem, does not produce a new and patentably different combination" is determined to be consistent with the evidence.

The decision in the Ruth case was decided by analogizing it to the process cases and it was concluded that when a new result is accomplished patentability "may" be involved. The Reeves case, however, indicates that the general materials and objects, on which the manipulation is performed in the instant case, have been in existence for some time. Therefore, the "particular new set of indicia" referred to by the Board of Appeals could have undoubtedly been made up from the general type of indicia used in the Reeves case or that available to real estate statisticians generally.

The mechanism here is held not to be "entirely changed by the specific indicia associated therewith" as was true in the Ruth case. It is considered that one skilled in the art of calculation with the Ham and Hull patents in front of him could devise a mechanism or calculator such as that devised by the Plaintiff's assignor here, and especially is this true if he had charts before him similar to those denied as unpatentable in the Reeves case.

It is the Court's opinion that the rejection of claims 6, 7 and 8, and the denial of the patent were justified, and Plaintiff's request for issuance of a patent should be denied and the complaint dismissed.

The Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. This is an action under Title 35 of the United States Code, Section 145, in which the Plaintiff, Warren P. Hunnicutt, assignee of the application for patent by Robert L. Dowling, Jr., Serial No. 296,891, filed in the Patent Office July 2, 1952, entitled "Building Cost Calculator", sought to have the Court authorize the allowance of claims 6, 7, and 8 of that application.

2. A certified copy of the record of the proceedings in the Patent Office, and copies of the patents to Ham (No. 214,-128) and to Hull (No. 444,396) were submitted in evidence.

3. The application in this suit discloses a calculator for estimating building costs as set forth basically in claim 6, quoted in the above opinion. Claim 6 is generic to the embodiments of claims 7 and 8.

4. The plaintiff has offered no material evidence which was not considered by the Patent Office, and the record in this action is, accordingly, in the main, a repetition of the record in the Patent Office.

5. There is nothing in the description of the tabular form in claims 6, 7 and 8 which correlates the units of square measurement in one area with the units of monetary value in another area of the form, in a correlation differently than Ham or Ham taken with Hull, nor are these specific indicia coordinated in any particular new way with the other indicia which are only broadly defined in the claims.

6. The use of a flat tabular form with a movable cross bar in place of Ham's cylinder and casing would be obvious to one normally skilled in the art of devising calculators in view of the patent to Hull. The subject matter of claim 7 would, therefore, be obvious in view of Ham taken with Hull.

7. The use on Ham's calculator structure of indicia to determine building costs, such as those specified in claims 6, 7, and 8, would be obvious to one normally skilled in the art of devising calculators, especially if he had the evaluation charts similar to those in the Reeves case before him.

8. The primary examiner and the Board of Patent Appeals considered the Plaintiff's claim as to the cross bar.

## Conclusions of Law

1. Where the record in the trial court in an action under 35 U.S.C. § 145 is a repetition of the record in the Patent Office, the findings of the Patent Office assume well nigh dominating importance in the trial court.

2. The substitution of a particular new set of indicia for another in a known calculator will not support the grant of a patent.

3. Plaintiff is not entitled to a patent containing any of the claims 6, 7 and 8 of application for patent Serial No. 296,-891.

4. The request of Plaintiff should be denied, and the complaint dismissed.

Counsel are directed to submit an appropriate order in accordance with the conclusions of law.