**Maurice M. LEVY, and Her Majesty the Queen in the Right of Canada as Represented by the Postmaster General, Plaintiffs,**

v.

**David L. LADD, Commissioner of Patents, Defendant.**

**Civ. A. No. 2931–62.**

United States District Court District of Columbia.

March 6, 1964.

Davidson C. Miller, Stevens, Davis, Miller & Mosher, Washington, D. C., for plaintiffs.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This action was brought under 35 U.S. C. § 145 seeking a judgment authorizing the defendant, Commissioner of Patents, to grant a patent on claims 22 to 24, of an application entitled "Method of Sorting Letter Mail", Serial No. 421,644, filed April 7, 1954, by Maurice M. Levy, and assigned to Her Majesty the Queen in the Right of Canada, as represented by the Postmaster General.

The invention described in the application relates to a method and apparatus for automatically sorting letter mail, and more particularly, to a method and apparatus which permits the automatic sortation of letters at several different points in the mail distribution system. According to the invention, a code, representing the receiver's address, is manually placed on the letter before the initial sortation, and thereafter, this same code is automatically read and the letter is

properly segregated at each different sortation point.

In the application the apparatus used to practice the invention at each different sortation point is described and claimed. The heart of the apparatus is a "magnetic drum or film-type memory device" which, in response to a large number of mutually different in-put signals received from the code reader, emits a comparatively small number of out-put signals that actuate the mechanical sorting means at the sortation point.

The sole issue before the Court is whether the description of that memory device is sufficient to satisfy the requirements of 35 U.S.C. § 112.

The memory device is shown in the drawings only as a rectangle, and is described in the specification mainly in terms of its function. The following is the structural description of the device set forth in the specification:

"On one side of the peripheral surface of the drum of the memory 12 are impressed pulse patterns corresponding to the names of all towns, villages and the like in the province or area concerned, while on the other side of the peripheral surface opposite each place name is a pulse pattern corresponding to the name of the distributing post office * * *. Thus, when a pattern of pulses received from the code reader 11 is applied to the memory 12 the pulse pattern for the distributing post office will be given when the pulse pattern applied from the code reader 11, and the corresponding pulse pattern on the drum of the memory 12 coincide."

Both before this Court, and the tribunals of the Patent Office, Counsel for the plaintiffs have contended that the description in the specification was sufficient under 35 U.S.C. § 112 because of the fact that all the components of the memory device were known to the art prior to the filing date of the application in suit, and the description of the device included in the specification was such that a person skilled in the art would realize how to combine these components to practice the invention. In support of that contention, the affidavit of Dr. C. Frank Miller, Assistant Professor of Electrical Engineering at Johns Hopkins University, was submitted to the Patent Office during the prosecution of the application. In his affidavit, Dr. Miller stated that he was aware of the existence of drum memory elements capable of being encoded as described in the application, and of other circuit components necessary to make the device operate as described. He also stated that, in his opinion, the application adequately taught a person skilled in the art how to interconnect the memory element and the other components. The affidavit also included photocopies of six literature references showing various electrical components, and a circuit diagram, prepared under Dr. Miller's direction, for interconnecting the components so as to construct a memory device that would function in the same manner as the memory device disclosed in the application.

The Examiner held the affidavit to be ineffective to show the sufficiency of the disclosure of the application, and the Patent Office Board of Appeals affirmed that holding. In their decision the Board stated:

"The affidavit shows that the affiant knew of no organized means in being at or before the necessary date capable of carrying out the objectives of the instant case. The affidavit treats the instant disclosure as a problem to be solved. The solution was reached by first going to the prior art and selecting known sub-components, and then associating them (in a way not taught by the prior art) to carry out the objectives of the instant case. This affidavit merely substantiates, in other words, that appellants' allegation that the means in question was old to (sic) art was in error."

At the trial, Dr. Miller was plaintiffs' only witness, and his testimony, in the

main, was a restatement of, and an enlargement upon the statements in his affidavit. However, in addition, he also described a demonstration of a simple model of a sortation system which had been built from components known in the art prior to the filing date of the application, and in accordance with the teachings of the application as he understood them.

In view of the unchallenged testimony, and the affidavit of Dr. Miller, Counsel for plaintiffs strongly contend that judgment must be in their favor, *unless* the Court does not (1) believe Dr. Miller, (2) holds that his testimony is inadmissible, or (3) holds that Dr. Miller does not qualify as an expert. However, this contention is not sound in view of Zenith Radio Corp., v. Ladd, 114 U.S.App.D.C. 54, 310 F.2d 859, (1962) in which the Court stated:

"Zenith's point seems to be that because it introduced testimony which was consistent and uncontradicted, that testimony should control. However, * * * it is very commonly the case, in proceedings brought under Section 145, that the only live testimony given in the District Court directly supports the applicant's claim and is not contradicted by other testimony in that proceeding. But that does not mean that the live testimony is controlling. It must still be weighed against the other materials in the case—most importantly, the record made in the Patent Office, the prior art, and the conclusions of the Primary Examiner and the Board of Patent Appeals, all of which are normally placed before the District Court in documentary form."

Therefore, in this case, as in all civil actions arising under 35 U.S.C. § 145, the Court must weigh all the evidence presented, both oral and documentary, in reaching its decision. However, the Court must accept the decision of the Patent Office if it is consistent with the evidence, Johns-Manville Corp. v. Ladd, D.C.Cir., 328 F.2d 563, (1964), at least in the absence of new evidence carrying a thorough conviction that the decision of the tribunals of the Patent Office was clearly in error. Esso Standard Oil Co. v. Sun Oil Co., 97 U.S.App. D.C. 154, 229 F.2d 37, Cert. denied, 351 U.S. 973, 76 S.Ct. 1027, 100 L.Ed. 1491, and Zenith Radio Corp. v. Ladd, supra. See also Hunnicutt v. Watson, 183 F. Supp. 330, (D.C.D.C.1960), and Wilcox v. Coe, 33 F.Supp. 714 (D.C.D.C.1940).

Upon consideration of all the evidence, this Court holds that the evidence does not clearly, and conclusively show that the decision of the Patent Office tribunals was in error or lacked a rational basis. Ficara v. Watson, 171 F.Supp. 550 (D.C.D.C.1959), and Lighthall v. Watson, 175 F.Supp. 258 (D.C. D.C.1959).

This is especially true in view of In re Hirsch, Cust. & Pat. App., 295 F.2d 251, Cert. denied, 369 U.S. 888, 82 S.Ct. 1162, 8 L.Ed.2d 288, in which the Court of Customs and Patent Appeals stated:

" 'Where a device is presented in an application essentially only by means of a labeled rectangle, with no other description or illustration of specific circuitry, it must be one of known conventional nature in the prior art in order that such presentation be regarded as a sufficient disclosure. Ex parte Sziklai, 110 U.S.P.Q. 325. [Bd.]'

* * * * * *

" * * * It was the examiner's duty to compel a disclosure which would enable those skilled in the art to practice the invention without having *to design* circuitry not shown to be readily available in the art."

Therefore, the Court finds for the defendant and against the plaintiffs, and dismisses the Complaint in this civil action.

The foregoing Opinion includes Findings of Fact and Conclusions of Law.