**Ernest HOWARD, Plaintiff,**

v.

**Otis R. BOWEN, M.D. Secretary of Health and Human Services, Defendant.**

**Civ. No. 85–5010 (AET).**

United States District Court, D. New Jersey.

July 29, 1987.

Joseph D. Polino, P.C., Joseph M. Pinto, Mt. Holly, N.J., for plaintiff.

Stephanie A. Ebers, Sp. Asst. U.S. Atty., Newark, N.J., for defendant.

### OPINION

ANNE E. THOMPSON, District Judge.

### NATURE OF ACTION

This is an action brought under Section 205(g) of the Social Security Act as amended, 42 U.S.C. § 405(g) to review the final decision of the Secretary denying plaintiff's claims for a period of disability and disability insurance benefits.

### PROCEDURAL HISTORY

Plaintiff, Ernest Howard, is presently 64 years of age. Plaintiff applied for benefits on May 19, 1983, alleging an inability to work due to a heart condition. The application was denied initially and again upon reconsideration. A hearing was held before an Administrative Law Judge ["ALJ"] on March 24, 1984. In his decision of July 25, 1984, the ALJ found the claimant to be non-disabled. This decision was subsequently brought before the Appeals Council. On December 27, 1984, the Appeals Council remanded the case to the ALJ for further consideration, including the opinion of a vocational expert. On remand, the ALJ found that plaintiff was unable to return to his past relevant work but could find other work in the national economy. This decision became the final decision of the Secretary when it was affirmed by the Appeals Council on August 15, 1985.

### STATEMENT OF FACTS

Plaintiff, who has an eighth grade education, worked as an electrician in the construction field for forty years. He testified that he worked at least 14 hours a day. Plaintiff's last day of work was April 2, 1982. In that same month plaintiff had a pacemaker implanted. He further testified that he gets dizzy spells when he over exerts himself and frequently feels as though he is off balance. He has had both legs stripped due to varicose veins, for which he still wears therapeutic stockings. Plaintiff also suffers from shortness of breath and stomach ulcers, as well as from sharp chest pains. He occasionally suffers from bursitis and phlebitis. Plaintiff fur-

ther testified that he can sit for a long period of time but sometimes becomes uncomfortable. He stated that he can lift 20–25 pounds for about 15 minutes at a time but then must rest for awhile.

MEDICAL EVIDENCE

The medical evidence offered by Dr. Frank Fish, plaintiff's attending physician, showed that plaintiff suffers from Lev's conduction system disease, second degree AV block, and right bundle branch block. Dr. Fish further found that plaintiff suffers from chronic obstructive pulmonary disease, peripheral vascular disease, venous insufficiency, and a history of peptic ulcer disease. Dr. Fish noted that, from a cardiac point of view, he is not convinced that plaintiff is disabled. A determination of disability, Dr. Fish noted, should be predicated upon the results of an exercise test. This test was not completed, however, due to plaintiff's inability to attain the requisite exertion level.

DISCUSSION

A decision of the Secretary concerning disability benefits must be upheld by the court if an examination of the record reveals substantial evidence supporting the Secretary's conclusion. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), *quoting, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938), *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir.1981). If there is only a slight preponderance of the evidence on one side or the other, the Secretary's finding should be affirmed. *Toborowski v. Secretary of Health, Education and Welfare*, 363 F.Supp. 717 (E.D.Pa.1973). Thus, the court is to look at the record as a whole and then determine whether or not there is substantial evidence to support the Secretary's decision. *Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir.1981), *quoting Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837, 841 (3d Cir.1974).

To make the decision as to disability, the ALJ must determine (1) whether the claimant is currently working; (2) if not, whether the impairment meets or equals an impairment listed in Appendix 1 of the regulations; (3) if not, whether the claimant retains the residual functional capacity to do his or her past work; and (4) if not, whether he or she can perform any other jobs existing in the national economy. *Santise, supra.* Plaintiff has the initial burden of demonstrating by medical evidence that he is unable to return to his former occupation. *Santise v. Schweiker*, 676 F.2d 925, 938 (3d Cir.1982), *quoting Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir.1979). Once plaintiff has met that burden, then the burden shifts to the Secretary who must establish with substantial evidence that plaintiff, in view of his age, education, work experience and degree of impairment, has the ability to engage in alternative substantial gainful employment. *Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984).

On plaintiff's initial application it was determined by the ALJ that plaintiff is capable of returning to his past occupation with only minimal restrictions. On appeal, the Appeals Council remanded the case to the ALJ who subsequently determined, aided by the testimony of a vocational expert, that the plaintiff is only able to perform work at the light exertional level. This finding is the sole issue of this appeal. The question thus becomes whether the Secretary's finding as to disability is based on substantial evidence.

The ALJ noted, based on the record from the original decision, that plaintiff suffers from functional limitations due to the pacemaker that he has. The ALJ further noted that plaintiff has tendonitis of the right shoulder, a history of a bleeding ulcer, as well as superficial varicosities in both legs. Pursuant to the instruction of the Appeals Council the ALJ sought the testimony of a vocational expert. The testimony of the vocational expert, Dr. Fitts, was that plaintiff acquired transferable skills from his previous work as an electrician, which he defined as a semi-skilled, medium to heavy occupation. These skills included the abili-

ty to use hand tools, to work in cooperation with other people, and also a degree of fine finger dexterity. The vocational expert testified that these skills are not transferable to any medium jobs that have the restrictions of no climbing ladders, no working at heights or no constant overhead lifting. He testified, however, that there are jobs in the light category with the same restrictions. Dr. Fitts next stated a number of jobs that fit within these parameters: components inspector; transformer tester; electrical salesman in a hardware store; and condensor alignor. Finally, the expert testified that these jobs do exist in the region where plaintiff lives. Dr. Fitts added that in light of plaintiff's advanced age, he would have a difficult time finding work as employers are reluctant to hire people who will work for only a short period of time. The ALJ properly dismissed this testimony, however, as being not relevant to the requirements of the Act. (*See* 404.1566(a)(3)).

In light of the medical evidence proffered and the testimony of Dr. Fitts, the ALJ found that the plaintiff is capable of performing light jobs. Following the guidelines of Rule 202.03 of Table No. 2, Appendix 2, Subpart P, Regulation No. 4, the ALJ determined that plaintiff was not disabled.

The decision of the ALJ excludes evidence offered by Mr. Howard of light-headedness and dizziness. Mr. Howard testified that when he engages in any type of physical labor he experiences chest pains, dizziness and light-headedness. Mr. Howard further testified that the dizziness has become so severe at times that he has blacked out. This testimony by the claimant was not given due consideration despite the statement by the Third Circuit in *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (1979), that a claimant's "testimony as to his capabilities is entitled to substantial credibility," where the claimant has a lifetime record of continuous work.

Moreover, plaintiff's allegations of dizziness are corroborated by the results of the stress test. Mr. Howard was unable to complete the test, designed to test his cardiac capacity, because he was unable to sustain a sufficient exertional level. Dr. Fish noted that during the test Mr. Howard experienced a drop in his blood pressure. Dr. Fish opined that this contributes to the claimant's light-headedness, which may in turn be disabling.

The question of plaintiff's light-headedness was not addressed by the second ALJ, who limited himself exclusively to the issue of plaintiff's residual functional capacity. The first ALJ who heard the case considered Mr. Howard's allegations of lightheadedness, but afforded them little credibility. He based his rejection of Mr. Howard's testimony as to his dizziness in part on the fact that the claimant also testified that he is able to drive a car. The ALJ reasoned that anyone who suffers from dizzy spells would be unable to operate a motor vehicle. However, in arriving at this conclusion, the ALJ failed to appreciate the precipitating factor which triggers the symptoms complained of by claimant. The claimant testified that the light-headedness was triggered by physical labor which is not approximated by operating an automobile. Therefore, the fact that claimant may drive a vehicle is not dispositive on the credibility of plaintiff's testimony as to his physical symptoms. Mr. Howard testified that he becomes dizzy when he exerts himself, which exertion would be expected were he to return to work full time.

Additionally, in considering Mr. Howard's testimony that he is only able to work for a short period of time before he needs a rest, it is important to consider the vocational expert's testimony to the effect that the jobs Mr. Howard would otherwise be eligible to do would not be available to him if he could not work a regular eight hour day. When considering whether the claimant can return to work, it must be remembered that "[t]he ability to engage in substantial gainful employment ... means more than the ability to do certain of the mental and physical acts required in the job; the claimant must be able to sustain the activity through continuous attendance in a regular work-week." *Id.*, at 408 (citing *Nanny v. Mathews*, 423 F.Supp. 548 (E.D. Va.1976)).

Accordingly, this matter shall be remanded to the Secretary in order to more fully develop the record. On remand the Secretary is requested to consider the allegations made by Mr. Howard discussed herein. Further, the Secretary should consider how these allegations would impact on Mr. Howard's ability to return to work. This action is hereby remanded for further proceedings not inconsistent with this opinion.